# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

No. 21-4149

_____

UNITED STATES OF AMERICA,

        Plaintiff- Appellee,

    v.

JERVAZE DUPREA SALLEY, a/k/a Jerv,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Terry L. Wooten, Senior District Judge. (5:18-cr-00999-TLW-7)

_____

Submitted: December 28, 2021                  Decided: January 13, 2022

_____

Before NIEMEYER and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Christopher R. Geel, GEEL LAW FIRM, LLC, Charleston, South Carolina, for Appellant. Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jervaze Duprea Salley pled guilty, pursuant to a written plea agreement, to use of a telephone to facilitate the commission of a controlled substance felony, in violation of 21 U.S.C. § 843(b), and the district court sentenced him to 48 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Salley filed a pro se supplemental brief, also challenging whether his sentence is reasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within . . . a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (internal citation omitted).

Counsel questions whether the district court erred by failing to apply the minimal participant role reduction pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(a) (2018) (providing for a four-level reduction if the defendant was a "minimal participant" in the criminal activity). In assessing a Guidelines enhancement, this court reviews findings of fact for clear error and legal conclusions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted). As the district court found, even if the reduction applied, Salley's advisory Guidelines range would still have been higher than the four-year statutory maximum Salley was subject to under 21 U.S.C. § 843(b), (d). Therefore, the district court did not clearly err when it determined that it was unnecessary to rule regarding whether USSG § 3B1.2(a) applied. *See* Fed. R. Crim. P. 32(i)(3)(B) (requiring sentencing court to either rule on a dispute "or determine that a ruling is unnecessary . . . because the matter will not affect sentencing").

In Salley's pro se brief, he argues that the district court procedurally erred by failing to adequately consider the § 3553(a) factors, failing to individually assess Salley's health concerns, and ignoring the parties' mitigation arguments. The district court must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Blue*, 877 F.3d 513, 518 (4th

3

Cir. 2017) (internal quotation marks omitted). "[W]e do not evaluate a court's sentencing statements in a vacuum," and we may therefore discern a sentencing court's rationale from the context surrounding its decision, including statements the court made during the sentencing hearing. *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *Blue*, 877 F.3d at 519 (alterations and internal quotation marks omitted). Having reviewed the record, we conclude that the district court did not abuse its discretion. The district court properly weighed the § 3553(a) factors— particularly, Salley's criminal history and the seriousness of Salley's current offense—and provided ample indication that it had considered Salley's health concerns and the parties' mitigation arguments. We further conclude that Salley fails to rebut the presumption of reasonableness that we afford his within-Guidelines sentence. Thus, Salley's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this appeal and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Salley, in writing, of the right to petition the Supreme Court of the United States for further review. If Salley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Salley.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*